# WHEELING.

## HUTSON *v.* SADLER.

*(Absent, GREEN, JUDGE.)

Submitted June 7, 1888.—Decided June 27, 1888.

1. SALE—JUDICIAL SALE—AUTHORITY OF COMMISSIONER TO MAKE PRIVATE SALE.

Where a decree requires land to be sold at public sale, the com-missioner has no authority to sell the land at private sale, and such a sale will not be confirmed by the court. The sale is void. (p. 362.)

2. SALE—PURCHASE BY WIFE OF JUDGMENT-DEBTOR—SUBROGATION.

Where a decree was rendered for the sale of a tract of land at

*On account of illness.

public sale, and there was but one judgment-lien upon it at the time, and, by the consent of the judgment creditor and the debtor, the land was, by the commissioner, sold to the wife of the debtor, and, out of her own separate estate, she, without fraud, paid for the land, by paying the said judgment and costs of the suit, and afterwards another judgment was recovered against the debtor, while the wife is not entitled to hold the land under her purchase, yet she is entitled to be subrogated to the rights of the creditors in the said judgment which she discharged. (p. 362.)

*P. Gano* for appellant.

*J. V. Blair* for appellees.

JOHNSON, PRESIDENT :

In 1879 the heirs at law of Monticue Hutson filed their bill in the Circuit Court of Doddridge county to enforce a judgment-lien for over $700.00 against a tract of 218 acres of land of the defendant, Rudolph Sadler. No answer was filed. On the 26th day of July, 1882, a decree on bill taken for confessed was entered for the sale of said land to discharge the lien. This decree required that, after proper advertisement, the land should "be sold at public auction at the front door of the court-house of Doddridge county, on some court-day, for sufficient cash in hand to pay the costs of suit and expense of sale, and for the residue that a credit be given, in equal payments, at six, twelve, and eighteen months," etc. P. Gano was appointed a commissioner to sell the land, and by the decree was required "to report his proceedings under the decree to the court."

At the March term, 1886, he made his report, "that he had made said sale ; that by the consent and direction of the complainants and direction of the defendant, he did not advertise said sale as directed by the decree, and, with like consent, made said sale to Susan Sadler on November 20, 1882, which said sale was approved by the defendant as satisfactory for the amount of the debt, interest, and costs, all of which has been paid in full, as follows : $729.71, with interest from date of decree, and the costs by said purchaser and commissioner, as provided and required by law, and paid the money over" to the parties entitled thereto. The court refused to confirm the sale because made without

authority, and annulled and set said sale aside, without putting the parties *in statu quo*. By the same decree refusing to confirm the private sale, which was entered on the 29th day of March, 1886, the court referred the cause to a commissioner to ascertain and report the liens and priorities, *etc.* The commissioner reported as the first and only lien a decree in favor of R. H. Smith, entered on the 28th day of November, 1885, by the Circuit Court of Doddridge county, for $566.77, with interest thereon from the 23d day of November, 1885, and $1.15 costs. The commissioner, in his report, further says: "The judgment sued upon in the chancery suit of Hutson's heirs against Rudolph Sadler (a copy of which is filed with the plaintiff's bill) appears, from receipts filed with the depositions of Mrs. Susan Sadler, to have been paid in full to P. Gano, attorney for Hutson's heirs, to which reference is hereby made. It appears from said receipts that Mrs. Sadler paid Susan Sadler all of said judgment and costs out of her individual money," etc.

R. H. Smith filed his petition in the cause, in which he sets forth the substance of the commissioner's report, set up his decree, and alleges that the pretended sale of the said 218 acres of land by the commissioner to Mrs. Sadler was a fraud, and that the commissioner and Rudolph Sadler and his wife colluded for the purpose of hindering, delaying, and defrauding the creditors of said Sadler, and particularly to hinder, delay, and defraud the petitioner in the recovery of his claim. It declares that it is not true that said Susan purchased and paid for said land out of her own funds, her own separate estate; that whatever payments were made, they were made by said Rudolph, and were paid to the attorney of Hutson's heirs, and should be treated and regarded as a payment of the judgment in their favor; "that all, in law and equity, she can ask of this court is to be substituted to the rights and equities of the said creditors, whose judgment has been paid off." It further alleges that the debt of petitioner had been incurred by said Rudolph long before the pretended purchase of said Susan, and that the suit for the collection and enforcement thereof was at the time pending, which the said Susan well knew, and that it would be inequitable and unjust to confirm said pretended sale to said

Susan, and thus defeat petitioner in the collection of his claim. The petitioner prayed that the commissioner's report should not be confirmed, and that another commissioner should be appointed to sell the land for the enforcement of petitioner's lien.

Susan Sadler also filed her petition, in which she set up the sale to her by the commissioner, and asked its confirmation. She alleges that she paid the whole of the purchase money, and the costs of the suit; and that she paid the same with her own separate funds. She denies that Smith had any lien against said land; and avers that Sadler bought a tract of 202 acres of land from said Smith, and in November, 1885, owed some of the purchase-money thereon, amounting, with interest, to about $1,200.00; that said tract of land was worth $2,000.00; that, when it was sold, said Rudolph was sick and not able to be present at the sale thereof for the purchase-money, nor was he able to be present when the sale was confirmed; that said Smith was present, and allowed said 202 acres of land to be sold for about $700.00; and no one being present at the confirmation to resist the same, on account of the sickness of said Rudolph, the sale was confirmed, and a decree over against Sadler was rendered for $566.77, with interest and costs, as aforesaid. Petitioner prayed to be made a party defendant to said suit and to the petition of R. H. Smith, and that her petition might be accepted as an answer to said petition of R. H. Smith, and that she might have full, ample, and general relief in the premises.

The depositions of Sadler and his wife were taken, which prove that the judgment of Hutson's heirs and costs were paid over out of the separate funds of Mrs. Sadler, and that she received the money from her father. Depositions of other witnesses were taken to show the value of the land; and the land is shown to have been worth about $10.00 per acre, or $2,180.00.

On the 2d day of August, 1886, the cause was heard on the papers formerly read, "the separate petitions of Robert H. Smith and Susan Sadler, and on the report of J. Engle, commissioner," *etc.*, and the court confirmed the commissioner's report; and the decree proceeds: " It appearing to the court

that the judgment of $729.71 in favor of Monticue Hutson and others, heirs-at-law of Mary M. Talkington, dec'd, together with its accrued interest and costs at law, have been paid off to P. Gano, attorney for said Monticue Hutson and others," etc., and then proceeds to declare the lien of R. H. Smith the only lien on the land, and orders the said 218 acres of land sold to pay the same; and makes no mention of the judgment of Hutson's heirs having been discharged by Mrs. Sadler, and makes no order for her protection.

From the said decree, and also the decree of March 29, 1886, Susan Sadler appealed.

There is no error in the decree of March 29, 1886. There was no authority conferred by the decree of sale authorizing the commissioner to sell the property other than by public sale. The private sale to Mrs. Sadler was unauthorized. The other question presented is as to the *bona fides* of the transaction by Mrs. Sadler, and whether she is entitled to be subrogated to the rights of the judgment-creditors in the judgment she paid, and also to the costs of the suit. We think it clearly appears that Mrs. Sadler paid off the judgment and costs with the consent of the creditors in the Hutson judgment; also that she paid the money out of her own separate funds, which she received from her father. She has successfully rebutted the legal presumption that she paid for the judgment with means furnished by her husband. She evidently supposed that the Hutson judgment was the only lien on the property at the time of her supposed purchase of the land from the special commissioner. At that time there was no other lien. There is no proof of actual fraud on her part. While she can not have the land under her purchase, she is entitled to be subrogated to the rights of the judgment-creditors in the Hutson judgment, which she paid; and she is entitled, out of the proceeds of the sale of the land, to be paid not only the amount of the said judgment, with its interest and costs at law, but also the costs of this suit, which she has paid; and all this, before the said Smith can receive anything on his judgment.

The decree of the 2d August, 1886, is reversed, with costs, and the cause remanded for further proceedings.

REVERSED. REMANDED.